**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Assemay Serikbay, et al.,
Petitioner
-vs-
Markwayne Mullin, et al.,
Respondents.

CV-26-5745-PHX-JFM

**Report & Recommendation on Petition for Writ of Mandamus**

**to the Hon. Stephen M. McNamee**

## I. MATTER UNDER CONSIDERATION

Petitioners have filed a Petition for Writ of Mandamus pursuant to the Administrative Procedures Act, 5 U.S.C. § 555(b)[1] (Doc. 1). The Petitioner's Petition is now ripe for consideration. This case has been assigned to the undersigned magistrate judge pending consents. Consents of all parties have not been filed. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation to District Judge Stephen pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b), Rule 72.2(a)(2), Local Rules of Civil Procedure, and General Order 21-25 (Dismissal of Civil Case Absent Voluntary Consent).

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioners are immigrants who have filed a Petition for Writ of Mandamus (Doc. 1) seeking an order compelling the adjudication of their pending Application to Register as Permanent Resident (Form I-485) based on the selection of Petitioner Assemay Serikbay for the Fiscal Year 2026 Diversity Immigrant Visa Program. *See* 8usc

[1] " With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

1153(e)(2); and 22 C.F.R. § 32.33

On September 15, 2026, the Court ordered Respondents to respond the Petition by September 22, 2026, and gave Petitioner three days from service of the Response to Reply. Respondents filed and served their Response on September 22, 2026, serving it by mail, and arguing that the Petition has become moot because on September 8, 2026 Petitioner's applications were adjudicated and approved. Petitioner's time to reply expired on Monday, September 28, 2026. No reply has been filed.

## III. APPLICATION OF LAW TO FACTS

The Court has jurisdiction over this dispute. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

In the absence of a timely reply to the contrary, the undersigned accepts Respondents' unassailed assertions that action has been taken on the disputed applications, and that they were granted. *See In re Crain Walnut Shelling, LP*, 175 F.4th 1069, 1075 (9th Cir. 2026) (writ of mandamus is an extraordinary remedy and petitioners bear the burden of showing that their right to it is clear and indisputable); and 55 C.J.S. Mandamus § 384 ("Matters alleged by the respondent in avoidance of the charge made, if denied by the relator, must be proved by the respondent, but where the relator does not dispute the respondent's allegations, the truth of those allegations is admitted if well pleaded.").

Consequently, the undersigned concludes the matter must be dismissed as moot.

> A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur…However, the traditional exceptions to mootness also apply to mandamus proceedings. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. A case is not moot if the challenged conduct can reasonably be expected to recur.

*In re U.S.*, 791 F.3d 945, 951–52 (9th Cir. 2015) (cleaned up). Here, Petitioners proffer

no basis to conclude that the agency's actions have not rendered the instant Petition moot, and the undersigned concludes they have.

Nor do Petitioners present any reason to believe that the controversy is likely to recur. In light of the agency's grant of the disputed applications, the undersigned finds no reason to believe a recurrence is likely.

## IV. RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** Petitioners' Petition for Writ of Mandamus (Doc. 1) be **DISMISSED WITH PREJUDICE** as moot.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: September 30, 2026

26-5745r RR 26 09 30 on HC.docx

James F. Metcalf
United States Magistrate Judge